

# THE ATTORNEY GENERAL
## OF TEXAS

Gerald C. Mann
~~XXXXXXXXXXXXXXXX~~
ATTORNEY GENERAL.

AUSTIN 11, TEXAS

Hon. H. W. Allen
District Attorney
Hamilton, Texas

Dear Sir:

Opinion No. O-2759
Re: The authority of the district
court with reference to the commit-
ment of a delinquent child under
the described facts.

Your letter of September 18, 1940, requests a legal
opinion of this Department in reply to the question stated by
you as follows:

"Where a male child under the age of seventeen
years is charged with a felony by Grand Jury indict-
ment which further sets out the age of such child
to be under seventeen and over twelve, and the same
is disposed of as a Juvenile case by the District
Court, does the District Court have the authority
under the statutes to commit the child to the care
and custody of an individual, in the nature of pro-
bation, or must the Juvenile be committed to the
State Juvenile Training School for Boys, or a County
established home or school?"

We assume from your letter that the child involved
has been found to be a delinquent child by the court or by a
jury.

Article 1084 of the Code of Criminal Procedure pro-
vides as follows:

"If an indictment does not allege the age of the
accused to be within the juvenile limits, then at any
time before announcement of ready, the accused, or
the parent, guardian, attorney or next friend of the
accused may make and file an affidavit in court setting
up that such accused is a male then under seventeen
years of age, or is a female then under eighteen years
of age. When such affidavit is filed, the judge shall
hear evidence on the question of the age of the accused,
and if he is satisfied therefrom that the accused, if
a male is then under the age of seventeen years, or if
a female is then under the age of eighteen years, the
judge shall transfer the case to the juvenile docket,

and proceed to try the child under the same indict-
ment as a delinquent child."

Article 1090 of the Code of Criminal Procedure pro-
vides:

"Any juvenile found by the court or jury to be a
delinquent child shall be committed to the place or in-
stitution provided by law for such child, for an inde-
terminate period not extending beyond the time when
such child shall reach the age of twenty-one years."

Article 1091 of the Code of Criminal Procedure pro-
vides:

"In any proceeding in any juvenile court, the
court or jury may substitute as a place of commitment
any detention home, parental school, or school for
girls or boys established by any county, and the fur-
ther disposition of the juvenile shall be governed
as provided for by the laws relating to delinquent
children."

Article 1089 of the Code of Criminal Procedure reads:

"When a juvenile is tried by a jury the verdict
shall state the time and place of confinement. The
proper judgment shall be rendered on the verdict."

You call our attention, also, to Article 2338 of the
Revised Civil Statutes which provides as follows:

"In any case of a 'delinquent child,' the court
may continue the hearing from time to time and may
commit the child to the care of a probation officer,
or to the care or custody of any other proper person,
and may allow said child to remain in its own home,
subject to visitation of the probation officer or
other person designated by the court, or under any
other conditions that may seem proper and be imposed
by the court; or the court may cause the child to be
placed in the home of a suitable family, under such
conditions as may be imposed by the court, or it may
authorize the child to be boarded out in some suit-
able family, in case provision is made, by voluntary
contribution or otherwise, for the payment of the
board of such child until suitable provision may be
made in a home without such payment; or the court may

commit it to any institution in the county that may
care for children that is willing to receive it, or
which may be provided for by the State or county,
suitable for the care of such children, willing to
receive it, or of any State institution for boys or
girls, willing to receive such child, or to any other
institution in the State of Texas for the care of such
children willing to receive it. In no case shall a
child proceeded against under this law be committed
beyond the age of twenty-one. The order of the court
committing such child to the care and custody of any
person shall prescribe the length of time and the
conditions of such commitment. Such order shall be
subject to change by further orders of the court with
reference to said child; and the court shall have the
power to change the custody of such child or to en-
tirely discharge it from custody whenever, in the
judgment of the court, it is to the best interest of
the child to do so."

It appears from these statutes that the commitment
of a juvenile, after he or she has been found by the court or
jury to be a delinquent child, is controlled by the specific
provisions of Articles 1090 and 1091 of the Code of Criminal
Procedure. The legislative intent that Articles 1090 and 1091
should be all-inclusive is demonstrated by the terminology of
Article 1091 authorizing the substitution of certain described
places of commitment for those embraced within Article 1090.
Neither of these statutes provides for, or contemplates, in
our opinion, that the delinquent child may be committed to the
care and custody of an individual, either by the court or by
the jury in its verdict.

We are mindful of the statements by the Court of
Criminal Appeals of Texas in the cases of Curry v. State, 296
S.W. 307 and Ex parte Lassiter, 18 S.W. (2d) 637, to the ef-
fect that in construing Article 1091 of the Code of Criminal
Procedure, Article 2338 of the Revised Civil Statutes must
also be taken into consideration. After carefully studying
these cases in the light of the particular subject matter in-
volved in each of them, we are of the opinion that the court
did not hold, or intend to imply that Article 2338 would re-
lieve the specific provisions of Articles 1089, 1090, and 1091
of the Code of Criminal Procedure in the situation involved
in your request.

Accordingly, you are respectfully advised that it is
the opinion of this Department that where the court or jury

Hon. H. W. Allen, page 4

has found a juvenile to be a delinquent child, the child may be committed only to a place or institution described by Articles 1090 and 1091 of the Code of Criminal Procedure. As stated above, these statutes do not, in our opinion, authorize the court to commit the delinquent child to the care and custody of an individual.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Zollie C. Steakley
Zollie C. Steakley, Assistant

APPROVED OCT 3, 1940
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED: OPINION COMMITTEE
BY: BWB, CHAIRMAN

ZCS:BBB:wb